## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Degroate Petroleum Services, Inc. | ) | CASE NO. 09-07427 |
| Debtor. | ) | CHAPTER 11 |
| | ) | Judge Eugene R. Wedoff |

### NOTICE OF MOTION FOR FINAL DECREE

TO:  See Attached Service List

Please take notice that on the 25th day of August, 2010 at 9:30 a.m., Thomas W. Toolis of the Firm of Jahnke, Sullivan & Toolis, LLC shall appear before the Honorable Judge Eugene R. Wedoff or any judge sitting in their stead, in Courtroom No. 744 in the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn, Chicago, Illinois, and present the attached MOTION FOR ENTRY OF FINAL DECREE.

/s/ Thomas W. Toolis
One of the Attorneys

Thomas W. Toolis (# 6270743)
Jahnke, Sullivan & Toolis, LLC
9031 W. 151st Street, Suite 203
Orland Park, IL 60462
(708)349-9333

### PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that he served a copy of the foregoing Notice of Motion and Motion for Entry of Final Decree, Notice by U.S. Mail in Orland Park, Illinois 60462 to the above named parties on August 19, 2010.

/s/ Thomas W. Toolis

Label Matrix for local noticing
0752-1
Case 09-07427
Northern District of Illinois
Chicago
Thu Aug 19 11:59:11 CDT 2010

Degroate Petroleum Services, Inc.
441 Degroate Road
New Lenox, IL 60451-2912

Harris N.A.
111 W. Monroe St.
Chicago, IL 60603-4095

LincolnWay Community Bank
6446 West 127th Street
Palos Heights, IL 60463-2248

Navistar Financial Corporation
425 N. Martingale Road
Suite 1800
Schaumburg, IL 60173-2216

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1704

Ciccotelli Signs Inc
1910 Clearing Ct
New Lenox, IL 60451-3704

Clifton Chemical Company
160 South Locust Street
PO Box 25
Chebanse, IL 60922

Cook County Dept Of
Revenue-Cook County
Government 118 N. Clark
Ste 1160
Chicago, Il 60602

(p)FIFTH THIRD BANK
MD# ROPS05 BANKRUPTCY DEPT
1850 EAST PARIS SE
GRAND RAPIDS MI 49546-6253

Harris Bank Na
111 West Monroe Street
Chicago, IL 60603-4095

ICE Miller LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532-4613

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Illinois Department of Revenue Bankruptcy Se
100 West Randolph Street
Level 7-425
Chicago, IL 60601

J. Merle Jones & Sons
103 South Larkin
Joliet, IL 60436-1298

Jacob Press' Sons, Inc
7674 W. 79th Street
Bridgeview, IL 60455-1877

John R. DeGroate
24232 Quail Drive
Channahon, IL 60410-5242

Klemm Tank Lines
11708
Green Bay, WI 54307

Klienhoffer Manufacturing
1852 Terry Drive
Joliet, IL 60436-8541

LincolnWay Community Bank
C/O Gerald J. Sramek
6446 W 127th Highway
Palos Heights, IL 60463-2248

Lincolnway Community Bank
1000 East Lincoln Highway
New Lenox, IL 60451-2145

Martin Whalen
2926 State Road
Unit 137
Cuyahoga Falls, OH 44223-1244

Martin Whalen Offices
Solution Inc.
18630 S. 81st Avenue
Tinley Park, IL 60487-6257

Meier Oil Service, Inc
405 North Second St.
Ashkum, IL 60911

Midtown Petroleum, Inc.
9707 South 76th Ave.
Bridgeview, IL 60455-2380

Navistar Financial Corp.
425 North Martingale Road
Schaumburg, IL 60173-2406

POCO Paulson Oil Company
PO Box 903
950 Wabash Ave.
Chesterton, IN 46304-2252

Parent Petroleum
37 West 370 Plante 38
Saint Charles, IL 60175

Polar Service Centers
132 S. Harris Dr.
Rockdale, IL 60436-8001

Seneca
P O Box 3360
Des Moines, IA 50316-0360

| | | |
|---|---|---|
| TMW Equipment Repair<br>P O box 2938<br>Joliet, IL 60434-2938 | Valero<br>PO Box 972945<br>Dallas, TX 75397-2945 | Zep Manufacturing Company<br>Attn Jonathan E. Raulston<br>Engel, Hairston & Johanson PC<br>POB 11405<br>Birmingham, AL 35202-1405 |
| Thomas W Toolis<br>Jahnke, Sullivan & Toolis, LLC<br>9031 West 151st Street<br>Suite 203<br>Orland Park, IL 60462-6563 | William T Neary<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Fifth Third Bank<br>38 Fountain Square Plaza<br>Cincinnati, OH 45263 | INTERNAL REVENUE SERVICE<br>MAIL STOP 5010 CHI<br>230 SOUTH DEARBORN<br>Chicago, IL 60604 | (d)Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Brent Huber
Ice Miller, L.P.

End of Label Matrix
Mailable recipients   34
Bypassed recipients    1
Total                 35

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| DEGROATE PETROLEUM, INC. ) | CASE NO. 09-07427 |
| Debtor. ) | CHAPTER 11 |
| ) | Judge Eugene R. Wedoff |

### MOTION BY DEBTOR IN POSSESSION FOR ENTRY OF A FINAL DECREE

Now Comes Thomas W. Toolis of Jahnke & Toolis, LLC ("Counsel"), attorneys for DeGroate Petroleum, Inc., Debtor and Debtor In Possession, and, pursuant to §3002 of the Bankruptcy Code, request that this Court enter a Final Decree. In support hereof, Debtor in Possession respectfully represents as follows:

### Background

1. On March 3, 2009, the Debtors commenced their respective reorganization cases by filing voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On June 9, 2010, the Court entered the Judgment Order Confirming the Plan (Docket No. 155). The Effective Date of the Plan was July 15, 2010.

3. On or about July 15, 2010, the Debtor in Possession made a distribution to holders of allowed general unsecured claims (Class 2), pursuant to the terms of the Plan. The Debtor in Possession has begun making payments pursuant to §5.2 (Class 1); §5.4 (Class 2); and §5.5 (Class 4) creditors.

4. The Debtor in Possession has determined that its obligation under the plan, other than making of payments, is complete.

### Relief Requested

5. The Debtor in Possession respectfully requests that the Court close the Debtors' chapter 11 cases.

## Final Decree

6. Bankruptcy Code Section 350(a) provides that the court shall close a case after the estate is fully administered and the court has discharged the trustee. 11 U.S.C. § 350(a). Bankruptcy Rule 3002, which provides the procedural guidelines for closing a chapter 11 case, provides that "[a]fter an estate is fully administered…the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Further, Bankruptcy Code section 105 provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title."

7. Factors that the Court should consider in determining whether an estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. See generally Collier Bankruptcy Manual, 3d ed. rev. part §350.02[2].

8. Whether or not there is a possibility that the court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350 (a) See Id.

9. The Confirmation Order was entered by the Court on June 9, 2010. No appeals have been filed. See Fed. R. Bankr. P. 8002(a).

10. The Debtor in Possession, having distributed payment to holders of Class 5 claims that are required to be made pursuant to the terms of the Plan and has otherwise concluded all other material administrative matters pertaining to the Debtors' estates. The remaining tasks are largely ministerial in nature, and should not require any involvement of the Court.

11. THE CLOSING OF THESE CASES WOULD BE WITHOUT PREJUDICE TO THE RIGHT OF ANY PARTY IN INTEREST TO SEEK TO REOPEN THESE CASES. SHOULD ANY CREDITOR OR THE PLAN ADMINISTRATOR DETERMINE THAT FURTHER INVOLVEMENT OF THIS COURT IS REQUIRED OR DESIRABLE THEN A MOTION TO REOPEN THESE CASES MAY BE FILED WITH THE COURT ANY TIME IN THE FUTURE.

      WHEREFORE, the Debtor in Possession request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> (i) entering the final decree and (ii) granting such other and further relief as is just and proper.


Dated: August 19, 2010                                Respectfully Submitted,

                                                           /s/ Thomas W. Toolis
                                                           Thomas W. Toolis


Jahnke, Sullivan & Toolis, LLC
Thomas W. Toolis (# 6270743)
9031 W. 151st Street, Suite 203
Orland Park, IL 60462
708-349-9333